# TOMPKINS, McGUIRE, WACHENFELD & BARRY, LLP

*Counselors at Law*

140 BROADWAY
46TH FLOOR
NEW YORK, NEW YORK 10005
New York (212) 714-1720
Newark (973) 622-3000
FAX (973)623-7780
www.tompkinsmcguire.com

Michael S. Miller
Partner

Direct Dial: (973)623-7562
mmiller@tompkinsmcguire.com

November 13, 2023

**APPLICATION GRANTED**
**SO ORDERED** /s/
**VERNON S. BRODERICK**
**U.S.D.J.**

Discovery in this case is hereby stayed pending the Court's resolution of the pending motions to dismiss and for summary judgment.

Dated: November 14, 2023

**Via ECF**
Honorable Vernon S. Broderick, U.S.D.J.
U.S. District Court, Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10013

Re:   **BCIF Holdings I, LLC v. Joseph Oshry**
      Civil Action No.:   1:23-cv-5255-VSB

## Letter Motion To Stay Discovery

Dear Judge Broderick:

Plaintiff BCIF Holdings I, LLC ("plaintiff") respectfully submits this letter motion seeking to stay discovery pending the outcome of two dispositive motions – defendant's motion to dismiss (ECF-6) and plaintiff's motion for summary judgment (ECF-10). Counsel for defendant Joseph Oshry has consented to the relief sought by this letter motion.

By way of background, plaintiff seeks to enforce its rights to collect the current balance of $9,305,787.94, owed by defendant under the terms of a written irrevocable unconditional Guaranty that he signed as consideration for a defaulted loan to an entity known as Pendleton West Portfolio, LLC. (ECF-1 and ECF-9).

Defendant filed a pre-answer motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the complaint is barred by New York's election of remedies law, RPAPL §1301. The motion is fully briefed. Defendant filed a summary judgment motion, arguing that the material facts relating to the default of Pendleton West Portfolio, LLC under the original loan and the default of defendant under the terms of the irrevocable unconditional Guaranty are not in dispute; and, therefore, judgment is appropriate as a matter of law prior to the completion of any discovery. *See, e.g., ICBC (London) PLC v. Blacksands Pac. Grp. Inc.*, 662 F. App'x 19, 22 (2d Cir. 2016) (affirming grant of pre-discovery summary judgment to enforce loan guaranty).

## TOMPKINS, McGUIRE, WACHENFELD & BARRY

Page 2

The parties filed a Joint Information Letter and Proposed Case Management Plan on November 1, 2023, as directed by the Order of October 25, 2023. (ECF-14 and ECF-15). The Joint Information Letter highlighted plaintiff's position that discovery should be stayed pending outcome of the pending dispositive motions. On November 2, 2023, the Court entered the Case Management Plan, directing that discovery commence, with requests and initial disclosures to be served by November 30, 2023. (ECF-16).

Plaintiff seeks a stay of discovery pending resolution of the two dispositive motions, because the granting of either motion renders the need for discovery moot. As noted above, defendant consents to a stay of discovery, which stay would not prejudice any party. (In evaluating a motion to stay discovery, courts also may consider, among other things, "whether some or all of the defendants have joined in the request for a stay." *Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015)).

Under Federal Rule of Civil Procedure 26(c), the Court has "considerable discretion" to determine whether to stay the discovery process where good cause is shown. *Rivera v. Heyman*, No. 96 Civ. 4489 (PKL), 1997 WL 86394, at *1 (S.D.N.Y. Feb. 27, 1997). "[G]ood cause may be shown where a party has filed (or sought leave to file) a dispositive motion such as a motion to dismiss." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94 Civ. 2120 (LMM) (AJP), 1996 WL 101277, at *2 (S.D.N.Y. Mar. 7, 1996). Plaintiff acknowledges that the pendency of a dispositive motion "is not, in itself, an automatic ground for a stay" – rather, "courts consider three factors: 1) whether a [movant] has made a strong showing that the [non-movant's] claim is unmeritorious, 2) the breadth of discovery and the burden of responding to it, and 3) the risk of unfair prejudice to the party opposing the stay." *Spinelli*, 2015 WL 7302266, at *2 (citing *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010), and *Josie-Delerme v. Am. Gen. Fin. Corp.*, No. 08 Civ. 3166 (NG) (MDG), 2009 WL 497609, at *1 (E.D.N.Y. Feb. 26, 2009)); *see also Anti-Monopoly, Inc.*, 1996 WL 101277, at *3-4 (evaluating same factors). In the case at bar, both parties have filed dispositive motions, and when evaluated in light of all three factors, good cause has been demonstrated, weighing in favor of staying discovery.

As to the first factor, the dismissal and summary judgment motions are now fully briefed and even a cursory review of the parties' submissions show that the only defense that defendant has to plaintiff's claim is that plaintiff's law suit is barred by New York's election of remedies statute.[1] However, defendant's election of remedies defense falls apart under New York's well established rule that when the property securing the debit is located out of state (as in the case at bar), RPAPL §1301 simply does not apply. (*See*, ECF-8). Moreover, defendant has not raised any issue of fact, whatsoever, in opposition to plaintiff's summary judgment motion, which motion should be granted as a matter of law (*See*, ECF-18).

---

[1] The Joint Information Letter filed on November 1, 2023, also indicates that claimant's only defense is its election of remedies argument. (ECF-14).

## TOMPKINS, McGUIRE, WACHENFELD & BARRY

Page 3

The second factor also weighs in favor of staying discovery. Although the discovery needs of the parties are not extensive, there is no reason for the parties to undergo this expense at all if the need for discovery can be completely eliminated by the outcome of the two motions.

Finally, no party will be prejudiced by a temporary stay of discovery. Indeed, both plaintiff and defendant agree that discovery should be stayed. The dispositive motions have been fully briefed and the granting of either motion will obviate the need for any discovery at all. Staying discovery while the issues raised by the motions are considered "will neither substantially nor unduly delay the action, should it continue." *Spinelli*, 2015 WL 7302266, at *2 (citation and internal quotation marks omitted).

Plaintiff therefore respectfully moves the Court to stay discovery until the issues raised by the two dispositive motions are resolved.

Thank you for your consideration.

Respectfully submitted,

/s/Michael S. Miller

Michael S. Miller
For   TOMPKINS, McGUIRE, WACHENFELD & BARRY

cc. Joseph J. Haspel