UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BCIF HOLDINGS I, LLC,

Plaintiff,

-against-

JOSEPH OSHRY,

Defendant.

23-CV-5255 (VSB)

**OPINION & ORDER**

Appearances:

Roshan Shah
Shah Law Group
Shrewsbury, NJ
*Counsel for Plaintiff*

Joseph Haspel
Joseph J. Haspel PLLC
Middletown, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is Defendant Joseph Oshry's ("Defendant" or "Oshry") motion to dismiss the complaint of Plaintiff BCIF Holdings I, LLC ("Plaintiff" or "BCIF"). (Doc. 6.) Before me is also Plaintiff's motion for summary judgment. (Doc. 10.) For the reasons that follow, Plaintiff's motion for summary judgment is GRANTED and Defendant's motion to dismiss is DENIED.

## I. **Background**

On June 21, 2023, BCIF filed this complaint against Oshry to "recover on an irrevocable, unconditional and absolute Guaranty" on "an $8.384 million loan." (Doc. 1 ("Compl.") ¶ 1.) Plaintiff brings this lawsuit in federal court based on diversity jurisdiction, (*id.* ¶¶ 11–12), since it is a Delaware limited liability company ("LLC") with members who are Delaware LLCs and citizens of the State of Arizona. (*Id.* ¶¶ 2–9.) Defendant Oshry is domiciled in the State of New York. (*Id.* ¶ 10.)

On August 24, 2021, Pendleton West Portfolio, LLC ("Borrower") executed a loan agreement ("Loan Agreement") for a loan of $8,384,000. (*Id.* ¶ 13.) The loan was executed between Borrower and Sharestates Investments, LLC ("Original Lender"). (Doc. 10-1 ("Statement of Undisputed Material Facts" or "SUMF") ¶ 1 (citing Doc. 12 ("Roboski Decl.") ¶ 4).) On that same date, Borrower and Original Lender executed a series of documents in connection with the loan, including a promissory note (Doc. 12-1), a loan agreement, (Doc. 12-2), a construction loan agreement, (Doc. 12-3), a commercial deed of trust, assignment of leases and rents and security agreement, (Doc. 12-4), and an assignment of leases and rents, (Doc. 12-5). Original Lender perfected its security interest on October 7, 2021 at the Office of the Shelby County Register in Tennessee. (Doc. 12-6.)

The promissory note provided for the Borrower to pay the Original Lender "the principal sum" of $8,384,000, "plus interest and other sums due" in accordance with the terms indicated in the promissory note. (Doc. 12-1 at 2.) The promissory note was secured by a "mortgage lien" "evidenced by a" document "given by Borrower to Lender encumbering that certain premises located in the County of Shelby and State of Tennessee, commonly known by the address 2305 Pendleton Street, Memphis, TN." (*Id.* at 3.) The promissory note provided for five

disbursements from the Original Lender to the Borrower, "with the first disbursement in the amount of $7,120,000." (Roboski Decl. ¶ 4(a).) The loan proceeds were to be used exclusively "for commercial purposes . . . for the purchase and/or renovation of the property located at 2305 Pendleton Street, Memphis TN 38114." (Doc. 12-2 § 1.02.) The note also provided for a monthly payment due on the first day of each month of interest "due in accordance" with the terms of the note. (Doc. 12-1 at 3.) Initial monthly payments were set at $50,433.33. (*Id.*)

Joseph Oshry, "an individual, having an address at 4209 12th Avenue, Brooklyn, NY 11219," guaranteed Borrower's loan through a "Guaranty." (Doc. 12-7 ("Guaranty").) That document states that "Lender [wa]s unwilling to make the loan, unless Guarantor guarantees the full performance by Borrower of all of the terms and conditions of the Loan Documents." (*Id.* at 1.) Oshry "unconditionally guarantee[d] the full, prompt, complete and faithful performance, payment, observance and fulfillment by Borrower of all of the obligations, covenants and conditions," signed between Borrower and Original Lender in connection with the loan agreement. (*Id.*) The Guaranty was "not limited to any particular period of time, but rather [] continue[d] and shall be irrevocable until all of the terms, covenants, and conditions" of the loan documents signed by the parties were "fully and completely performed by Borrower, or otherwise discharged and released by [Original] Lender." (*Id.* at 1–2.) The Guaranty contains a choice of law clause providing that it "shall be construed in accordance with the laws of the State of New York." (*Id.* at 6.) The Guaranty also includes a forum selection clause providing that "any legal action or proceeding arising out of or relating to this Guaranty may be brought in the courts of the State of New York or of the United States of America for the Southern District of New York, as the Lender may elect." (*Id.* at 5.) The Guaranty provided that suit could be "brought, instituted or maintained against Guarantor in the first instance and without the

necessity of the joinder of Borrower or of any other party or parties." (*Id.* at 3.) In the Guaranty, Defendant also waived "the right to assert any and all counterclaims, offsets and/or defenses in connection with any litigation arising out of th[e] Guaranty." (*Id.* at 5.)

The Original Lender transferred and assigned its interest to Plaintiff on November 3, 2021. (Doc. 12-8 at 6.) After that time, payments became due from Borrower to Plaintiff rather than Original Lender. (Doc. 12 ¶¶ 7–10.) Borrower made regular payments through October 2022, when it made a late payment on October 7, 2022. (Doc. 12-9.) Thereafter, Borrower failed to make the payment due on November 1, 2022, causing Plaintiff to issue a payment reminder to Borrower and Oshry on November 14, 2022. (Doc. 12-10.) Borrower and Defendant failed to respond to this payment reminder, causing the Plaintiff to issue a delinquent payment notice on November 23, 2022. (Doc. 12-11.) Borrower and Defendant failed to respond to this delinquent payment notice, causing the Plaintiff to issue a delinquent payment reminder on December 2, 2022, which also referenced the amount due on December 1, 2022. (Doc. 12-12.) Borrower and Defendant failed to respond to this delinquent payment reminder, causing the Plaintiff to issue a notice of default on January 4, 2023. (Doc. 12-13 at 7.)

On May 11, 2023, an involuntary petition for Chapter 11 bankruptcy was filed against the Borrower in the United States Bankruptcy Court for the Western District of Tennessee. (Doc. 12-14.) The promissory note signed by Original Lender and Borrower laid out nine distinct "Event[s] of Default," the occurrence of which would prompt that the entire amount due under the loan agreement would "become immediately due and payable at the option of the note holder" "without notice." (Doc. 12-1 at 4–5 (cleaned up).) One such event of default is when "any petition for bankruptcy, reorganization or arrangement pursuant to the Bankruptcy Reform Act of 1978 codified as 11 U.S.C. § 191 et seq., and the regulations issued thereunder . . . or any

similar federal or state statute, shall be filed by or against Borrower." (*Id.* at 5.)

Pursuant to the note and the accompanying documents, Plaintiff filed this action against Defendant to recover the amount due under the Guaranty. (Doc. 1.) According to the Guaranty, the Borrower is a Tennessee LLC, and the loan relates to real property located in Memphis, Tennessee. (Guaranty)

## II. Procedural History

Following the filing of the complaint, Defendant moved to dismiss on August 14, 2023, filing his motion, (Doc. 6), and an accompanying memorandum of law. (Doc. 7 ("MTD Mem.")). On August 25, 2023, Plaintiff filed a memorandum of law in opposition, (Doc. 8 ("MTD Opp'n")), along with an accompanying declaration from Heather Roboski, (Doc. 9). Defendant did not file a reply.

On October 24, 2023, Plaintiff filed a motion for summary judgment, (Doc 10), along with its Statement of Undisputed Material Facts, (SUMF), an accompanying memorandum of law, (Doc. 11 ("MSJ Mem.")), and a declaration from Heather Roboski, (Roboski Decl.). The second Roboski declaration attached twenty-four exhibits: the promissory note, (Doc. 12-1), the loan agreement, (Doc. 12-2), the construction loan agreement, (Doc. 12-3), the deed of trust, (Doc. 12-4), the assignment of leases and rents, (Doc. 12-5), the financing statement, (Doc. 12-6), the guaranty, (Guaranty), the corporate assignment of mortgage, (Doc. 12-8), a payment history from Borrower to Plaintiff, (Doc 12-9), a payment reminder sent by Plaintiff to Borrower and Defendant, (Doc. 12-10), a delinquent payment notice sent by Plaintiff to Borrower and Defendant, (Doc. 12-11), a delinquent payment reminder sent by Plaintiff to Borrower and Defendant, (Doc. 12-12), the notice of default, (Doc. 12-13), the bankruptcy petition in the Western District of Tennessee, (Doc. 12-14), an order of dismissal of record, (Doc. 12-15), an

email from an insurance broker with a certificate of insurance, (Doc. 12-16), a notice regarding property insurance, (Doc. 12-17), a second notice regarding property insurance, (Doc. 12-18), a foreclosure record, (Doc. 12-19), a deed of trust for Memphis Portfolio LLC, (Doc. 12-20), a declaration of Travis Masters in the Western District of Tennessee Bankruptcy proceeding, (Doc. 12-21 ("Masters Declaration")), the Guaranty as attached to the Masters Declaration, (Doc. 12-22), the Default Notice as attached to the Masters Declaration, (Doc. 12-23), and an itemized damages spreadsheet, (Doc. 12-24). On November 7, 2023, Plaintiff filed memorandum of law in opposition to Defendant's motion for summary judgment. (Doc. 18.) On November 13, 2023, Defendant filed a reply memorandum of law in support of its motion for summary judgment. (Doc. 20.)

## III. Legal Standards

### A. *Motion to Dismiss*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twonbly*, 550 U.S. at 556). This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner v. 2nd Ave. Delicatessen Inc.,* 496 F.3d 229, 237 (2d Cir. 2007). "A complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016) (internal quotation marks omitted). A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### B. ***Summary Judgment***

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at 256, and to present such evidence that would allow a jury to find in its favor, *see Graham v.*

*Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).

To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

In considering a summary judgment motion, I must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citation and quotation marks omitted). "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

## IV. Discussion

### A. *Motion to Dismiss*

Defendant's sole argument in support of his motion to dismiss is that the instant suit is precluded by New York State Real Property and Proceedings Law, ("RPAPL"), § 1301. RPAPL § 1301 provides that "[w]hile [a foreclosure] action is pending or after final judgment for the plaintiff therein, no other action shall be commenced or maintained to recover any part of the mortgage debt, including an action to foreclose the mortgage, without leave of the court in which the former action was brought." Defendant claims that Plaintiff has "commenced proceedings to foreclose Borrower's mortgaged real property in Tennessee." (MTD Mem. 1.) The Loan Agreement "expressly provides that the Law of the State of New York is the Governing Law." (*Id.*) Therefore, Defendant argues that the instant suit is foreclosed, as no leave has been sought or obtained. (*Id.* at 3–4.)

Plaintiff argues in response that RPAPL § 1301 does not apply to property located outside of the state of New York. (MTD Opp'n 3.) Therefore, because the guaranty was "secured by a Deed of Trust covering certain premises known as 2035 Pendelton Street, Memphis, Tennessee," (*id.* at 2), suit is not barred by RPAPL § 1301. Plaintiff is correct. Several courts, both federal and state, have held that RPAPL § 1301 does not apply to debts "secured by a mortgage on real property located outside the State" of New York. (*Id.* at 3 (collecting cases).) For example, in *Wells Fargo Bank, National Association v. Kokolis*, the court refused to apply RPAPL § 1301 to a debt secured by a mortgage on property located in Florida. No. 12-CV-2433, 2013 WL 789448, at *4 (E.D.N.Y. Mar. 1, 2013). Similarly, in *Chase Manhattan Bank, North America v. Reale*, the court refused to apply RPAPL § 1301 to a debt secured by a mortgage on property located in Connecticut. No. 92-CV-1042, 1992 WL

297576, at *4 (S.D.N.Y. Oct. 7, 1992). Multiple appellate courts in New York State have come to the same conclusion. *See, e.g.*, *Fielding v. Drew*, 94 A.D.2d 687, 687 (N.Y. App. Div. 1983) (RPAPL § 1301 not applicable to Maryland property); *Clark Tower, LLC v. Wells Fargo Bank, N.A.*, 178 A.D.3d 547, 547 (N.Y. App. Div. 2019) ("[T]he courts of one State may not decide issues directly affecting title to real property located in another State" (collecting cases)); *Provident Sav. Bank & Tr. Co. v. Steinmetz*, 270 N.Y. 129, 132 (N.Y. 1936) (predecessor statute to RPAPL § 1301 "applies only to mortgaged property in [New York]").

Plaintiff seeks to distinguish these cases by arguing that, because the parties specifically chose for New York law to apply to the mortgage note, I should not apply New York rules about the extraterritorial applicability of its own laws. (MTD Mot. 5 ("[T]he cases which establish the exception to the application of New York [L]aw do not present a guaranty, like the one here, which expressly provides that New York Law applies.").) Plaintiff's counterintuitive formulation is inconsistent with traditional choice of law principles, and it is also squarely contradicted by directly on-point cases which have refused to apply RPAPL § 1301 extraterritorially despite choice of law provisions selecting New York Law. *See, e.g.*, *SPCP Grp., LLC v. Russell*, No. 08-CV-11320, 2010 WL 3958641, at *4 (S.D.N.Y. Sept. 29, 2010) (an election under RPAPL § 1301 "need not be made where the property at issue is located outside of the State of New York," even though the contract had a New York choice of law provision); *Madison Cap. Co., LLC v. Miller*, No. 2:08-CV-1563, 2009 WL 3065205, at *2 (D.S.C. Sept. 22, 2009) (declining to apply RPAPL § 1301 to property based in South Carolina despite New York choice of law provision), *aff'd*, 432 F. App'x 228 (4th Cir. 2011). Plaintiff may not pick and choose which portions of New York law are incorporated by the contracting parties' choice of law clause. *Russell*, 2010 WL 3958641, at *4 ("When applying New York law, this Court is not

empowered to act in contravention of what New York says regarding its own law.").

Because Defendant's lone argument for dismissal fails as a matter of law, Defendant's motion to dismiss is DENIED.

### B. *Summary Judgment*

Plaintiff moves for summary judgment, claiming that Defendant, as the guarantor of defaulting borrower's loan, is responsible for the repayment of the $8,384,000 loan. (MSJ Mem. 2.) In response, Plaintiff submits a one-and-a-half-page opposition arguing that Defendant's motion is premature because of the pendency of Defendant's motion to dismiss and reattaches the memorandum it filed in support of its motion to dismiss. (Doc. 18.) Therefore, Defendant fails to seriously dispute the material facts as laid out in Plaintiff's Statement of Undisputed Material Facts. I also note that Defendant failed to file a pleading in response to Plaintiff's Statement of Undisputed Material Facts. I therefore may and do consider the statements in Plaintiff's Statement of Undisputed Material Facts to be admitted to the extent they "include citations to the record and do not contain legal argument or conclusory allegations." *Ringel v. Cnty. of Nassau*, No. 18-CV-1930, 2021 WL 4316715, at *3 (E.D.N.Y. Sept. 22, 2021) (deeming such facts to be admitted against defendants where they failed to submit a counterstatement); *see also* Local R. 56.1(c) ("Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *Wolde-Maskel v. Argus Cmty., Inc.*, No. 99-CV-10112, 2001 WL 883648, at *1 n.1 (S.D.N.Y. Aug. 7, 2001) ("Because plaintiff failed to submit any papers opposing defendant's Rule 56.1 Statement of Undisputed Facts, the factual statements contained therein are deemed admitted by plaintiff.").

Moreover, Rule 56 explicitly permits "a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56. Courts in this District often grant motions for summary judgment to lenders against borrowers who have defaulted on their loan obligations without discovery. *See, e.g.*, *UMB Bank, N.A. v. Bluestone Coke, LLC*, No. 20-CV-2043, 2020 WL 6712307, at *4–5 (S.D.N.Y. Nov. 16, 2020) ("Plaintiff is entitled to summary judgment" against defendant guarantor without discovery where it could show guaranty, debt, and failure to perform on behalf of guarantor); *Torin Assocs., Inc. v. Perez*, No. 15-CV-8043, 2016 WL 6662271, at *9 (S.D.N.Y. Nov. 10, 2016) (granting pre-discovery summary judgment to plaintiff lender); *In re Nissan Litig.*, No. 17-CV-729, 2018 WL 2113228, at *1, 6, 7 n.11 (S.D.N.Y. May 8, 2018) (granting motion for summary judgment in favor of Defendants on counterclaims relating to breach of guaranty agreements, and explaining "no further discovery is necessary" where defendants could show through contracts and affidavits that plaintiffs breached "absolute and unconditional" guarantees); *Valley Nat'l Bank v. Oxygen Unlimited, LLC*, No. 10-CV-5815, 2010 WL 5422508, at *2–4 (S.D.N.Y. Dec. 23, 2010) (similar); *see also 136 Field Point Circle Holding Co., LLC v. Invar Int'l Holding, Inc.*, 644 Fed. App'x. 10, 11–12 (2d Cir. 2016) (summary order) ("To obtain summary judgment to enforce a written guaranty, 'all that the creditor need prove is an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guaranty.'" (quoting *City of New York v. Clarose Cinema Corp.,* 256 A.D.2d 69, 71 (N.Y. App. Div. 1998))). Therefore, Plaintiff's motion for summary judgment is not premature.

However, although Defendant does not substantively oppose or challenge Plaintiff's motion for summary judgment, I must still critically analyze Plaintiff's motion to determine whether it meets its burden to show that it is entitled to judgment. *Vermont Teddy Bear Co. v. 1-*

*800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law."). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then "summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *Id.* at 244 (emphasis in original) (citing *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir.2001)). I am also mindful that "a Local Rule 56.1 statement is not itself a vehicle for making factual assertions that are otherwise unsupported in the record," and Defendant's failure to submit a Rule 56.1 counterstatement does not absolve Plaintiff of its responsibility to cite verified record evidence in support of its motion for summary judgment. *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003).

After reviewing Plaintiff's summary judgment papers, I am satisfied that Plaintiff has met its burden to show that it is entitled to summary judgment as a matter of law. The contract for which Defendant is a guarantor expressly lays out that the filing of a bankruptcy petition against Borrower qualifies as an event of default, at which time the full amount under the agreement becomes immediately due. (Doc. 12-1 at 4–5.) Such a petition was filed in the Bankruptcy Court for the Western District of Tennessee on May 11, 2023. (Doc. 12-14.) Defendant is the guarantor for Borrower's loan and is responsible for all obligations under the loan agreement. (Guaranty 1–2.) Defendant does not contest that this includes the amounts due immediately to Plaintiff and without notice to Borrower in the event of a default, (*see* Doc. 12-1 at 4–5), nor does the Guaranty evince any exception for this portion of the Borrower's obligations under the agreement. As Plaintiff explains in its memorandum of law in support of its motion, courts in New York regularly grant summary judgment to Plaintiff lenders seeking to enforce absolute and

unconditional guarantees that the uncontroverted evidence shows that a guarantor failed to perform. (Doc. 11 at 8 (citing *Kensington House Co. v. Oram*, 293 A.D.2d 304, 304–05 (2002) ("Where, as here, a creditor seeks summary judgment upon a written guaranty, the creditor need prove no more than an absolute and unconditional guaranty, the underlying debt, and the guarantor's failure to perform under the guarantee")); *see also Clarose Cinema Corp.*, 256 A.D.2d 69, 71 (1998) (same); *Citicorp Leasing, Inc. v. Kusher Fam. Ltd. P'ship*, No. 05-CV-9163, 2006 WL 1982757, at *3 (S.D.N.Y. July 14, 2006) (same).

Because I find that the Guaranty is a facially unambiguous and enforceable contract that requires Defendant to pay Plaintiff the amount due under the loan agreement, (Guaranty; *see also* Docs. 12-1–12-6), that Plaintiff has shown non-payment by Defendant, (Docs. 12-9–12-13), and that Borrower has undisputedly triggered an event of default that would cause the full amount to be immediately due to Plaintiff and guaranteed by Defendant, (Docs. 12-14–12-15; Doc. 12-21), I have little trouble concluding that Plaintiff's motion for summary judgment should be granted. *See Banner Indus., Inc. v. Key B.H. Assocs., L.P.*, 170 A.D.2d 246, 246 (1st Dep't 1991) (plaintiff "established a prima facie case by proof of execution of the promissory note . . . and the guaranty"); *Royal Bank of Canada v. Mahrle*, 818 F. Supp. 60, 63 (S.D.N.Y. 1993) (note was "a valid promissory note which defendant admit[ed] he ha[d] defaulted on," entitling plaintiff to summary judgment); *Citicorp*, 2006 WL 1982757, at *3 ("To support a motion for summary judgment following a default under a financing lease, a plaintiff need do no more than show the Court 'the lease agreement and proof of nonpayment.'" (quoting *Unistar Leasing v. Lipkin*, 12 A.D.3d 1166, 1167 (4th Dep't 2004)). Defendant's arguments regarding RPAPL § 1301 fail for the reasons explained above.

Therefore, I find that Plaintiff's motion is supported by the law and that the undisputed

material facts entitle the Plaintiff to judgment as a matter of law. Plaintiff's motion for summary judgment is GRANTED.

## V. Conclusion

Defendant's motion to dismiss is DENIED. Plaintiff's motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to enter judgment in favor of the Plaintiff and terminate all outstanding motions.

SO ORDERED.

Dated: August 24, 2026
New York, New York

Vernon S. Broderick
United States District Judge